UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FRANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11-CV-1606-CEJ |
| CHARLES L. MOSLEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Christopher Franklin (registration no. 1136674) for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $120.50, and an average monthly balance of $.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.10, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1985 for alleged constitutional violations that occurred while he was incarcerated at the Farmington Correctional Center (FCC). Named as defendants are Charles L. Mosley (an FCC inmate), Jeremiah W. Nixon (Governor of the State of Missouri), George A. Lombardi (Director, Missouri Department of Corrections (MDOC)), Tom Villmer

(FCC warden), Tom L. King (FCC investigator), James O. Reed (FCC correctional staff), Allen Luebbers (FCC warden), Michael White (FCC caseworker), Dennis Mayberry (FCC correctional staff), Larry Bayyon (FCC employee), CO-I John/Jane Does #1 thru #4 (FCC correctional officers), CO-II John/Jane Doe #1 (FCC correctional officer sergeant), and Unknown Young (FCC caseworker).[1]

**I. Section 1983 Claims**

> **A. Eighth Amendment Failure-to-Protect Claims against Defendants Reed, White, Mayberry, Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young**

Plaintiff alleges that, on November 14, 2008, at approximately 5:30 p.m., defendants Reed, White, Mayberry, Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young "knowingly failed to protect [him] from the substantial risk of serious harm of assault and battery by defendant Charles L. Mosley," after having informed them that Mosley "was stalking and threatening [him] with sexual assault." Plaintiff claims that these defendants let Mosley into plaintiff's cell, "where defendant Mosley forcibly assaulted and sodomized plaintiff . . . against

---

[1] Plaintiff alleges that the five John/Jane Doe defendants are the officers who "worked housing unit six (6) on the evening (3:30 p.m. through 11:30 p.m.) of November 14, 2008." The Court finds that plaintiff's allegations against the Doe defendants are sufficiently specific to permit their identities to be ascertained after reasonable discovery. In this regard, the Court will order plaintiff to provide the Court with each of the Doe defendant's proper names and addresses.

his will and resistance." Thereafter, the Doe defendants allegedly "let [Mosley] out of plaintiff's cell, to go to [his] assigned wing and cell." The Court finds that plaintiff's § 1983 claims are sufficient to proceed against defendants Reed, White, Mayberry, Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young at this time. The Court will order said defendants to respond to these failure-to-protect allegations.

### B. "Tacit Authorization" Claims against Defendants Nixon, Lombardi, Villmer, Luebbers, and King

Plaintiff alleges that defendants Nixon, Lombardi, Villmer, Luebbers, and King "through their tacit authorization of turning a blind eye to cell robbery(s), offender robbery(s), assault(s), and rape(s) of offender(s)," failed to "take action" to stop these offenses. Plaintiff alleges that these defendants had been made aware of the offenses through the grievance procedure.

The plaintiff does not allege that he was a victim of robbery within the prison or that he was deprived of any personal property. Therefore, his claim that the defendants tacitly authorized robberies is legally frivolous.

Plaintiff's claim that the defendants tacitly authorized or turned a blind eye to assaults and rapes is also legally frivolous. Plaintiff does not allege that these defendants were aware that inmate Charles Mosley posed a substantial risk to him or that they were personally responsible for the violation of his constitutional rights. See

Norman v. Schuetzle, 585 F.3d 1097, 1103-04 (8th Cir. 2009)(standard for finding deliberate indifference).  The theory of respondeat superior is inapplicable in § 1983 actions, Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995), and the general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability under § 1983.  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997); see also Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).  For these reasons, the Court will dismiss plaintiff's "tacit authorization" claims against defendants Nixon, Lombardi, Villmer, Luebbers, and King.

### C.  Prison Management Claims against Defendants Nixon, Lombardi, Villmer, Luebbers, Reed, White, Mayberry, Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young

Plaintiff alleges that defendants Nixon, Lombardi, Villmer, and Luebbers violated his constitutional rights by "cutting the MDOC budget; putting a freeze on [the] hiring of guards; operating in a[n] unsafe manner F.C.C. with a shortage of guard(s); inadequately classifying . . . violent offender(s); overcrowding; fail[ing] to properly train MDOC staff . . . ; [and] failing to develop policies to protect target offender(s) from sexual assault and extortion."     Plaintiff also alleges that Nixon, Lombardi, Villmer, King, Luebbers, Reed, White, Mayberry, Bayyon, Young, and the

-6-

Doe defendants failed "to make MDOC policies that would prevent offender(s) from being let into housing unit wing(s) and cell(s) they are not assigned to, and for operating FCC in an unsafe manner with a shortage of [correctional officers.]"

The Court finds that plaintiff's allegations are merely conclusory and do not rise to the level of a constitutional violation. See Iqbal, 129 S. Ct. at 1949. Additionally, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him). Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts for plaintiff or construct a legal theory that assumes facts that have not been pleaded. The general responsibility for supervising prison operations is insufficient to establish the personal involvement required to support liability under § 1983. Boyd, 47 F.3d at 968; Keeper, 130 F.3d at 1314.

For these reasons, the Court will dismiss plaintiff's prison management claims against the above named defendants.

### D. Due Process Claims against Defendants King, White, Young, and Bayyon

Plaintiff alleges that defendants King, White, Young, and Bayyon denied him access to the grievance system and issued him a false conduct violation on December 24, 2008, without first affording him a hearing and the right to present documentary evidence and call witnesses, and without giving him their written findings of evidence. Plaintiff claims he was in "the hole" until February 3, 2009.

Plaintiff's due process claims will be dismissed as legally frivolous. His allegations do not implicate constitutionally-protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484-85 (1995). Moreover, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997)(same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996)

(same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). For these reasons, the Court will dismiss plaintiff's due process claims against defendants King, White, Young, and Bayyon.

### E. Loss of Property Claims

Plaintiff alleges, "I was robbed of all my canteen on August 9, 2011." The Court will dismiss this claim as legally frivolous, because it is not directed against any of the named defendants, and, as discussed above, Missouri provides an adequate post-deprivation remedy of replevin for the recovery of personal property. See Martin, 780 F.2d at 1338; Hudson, 468 U.S. at 533; Mo. R. Civ. P. 99.01 - 99.15.

### F. Claims Against Defendant Mosley

Plaintiff's allegations against FCC inmate Charles Mosley will be dismissed as legally frivolous, because Mosley is not a state actor for purposes of § 1983. See Parratt v. Taylor, 451 U.S. at 535 (to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).

## II. Section 1985

Plaintiff does not set forth any claims relative to defendants' alleged violation of § 1985. Rather, he simply includes this statute in the heading of his complaint and

summarily prays for each defendant's discharge from MDOC employment after being found guilty of violating this statute.  As such, the complaint fails to state a claim or cause of action under § 1985.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $24.10 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's Eighth Amendment failure-to-protect claim against defendants James Reed, Michael White, Dennis Mayberry, Larry Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that defendants James Reed, Michael White, Dennis Mayberry, Larry Bayyon, CO-I John/Jane Does #1 thru #4, CO-II John/Jane Doe #1, and Unknown Young shall file an answer or other responsive pleading

directed to the above claim within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, on or before **February 20, 2012**, plaintiff shall provide the Court with the full names and addresses of each of the John Doe and Jane Doe defendants.  Failure to provide the required information as to a Doe defendant will result in dismissal of this action against that defendant.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An order directing dismissal of the remaining defendants and claims will be filed separately.

Dated this 21st day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE