UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:11-CV-1606(CEJ) |
| CHARLES MOSLEY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants James Reed, Michael White, Dennis Mayberry, Larry Barron and Jeffrey Young to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for an alleged constitutional violation that occurred while he was incarcerated at the Farmington Correctional Center (FCC). Plaintiff alleges that on November 14, 2008, he was assaulted by another FCC inmate, defendant Charles Mosley. Plaintiff alleges that defendant FCC officials Reed, White, Mayberry, and Bayyon failed to protect him from the assault. Plaintiff claims that the defendants allowed Mosley into his cell after they had been informed that Mosley "was stalking and threatening [him] with sexual assault." The defendants assert that they are entitled to qualified immunity.

**I. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it

strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974; See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## II. Discussion

"Qualified immunity shields a government official from liability and the burdens of litigation in a § 1983 action for damages unless the officials' conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To defeat a claim of qualified immunity, a plaintiff's complaint must present sufficient facts to show that (1) the officer's conduct violated a constitutional right and (2) the right was clearly established. Pearson v. Callahan, 555 U.S. 223 (2009).

Here, plaintiff claims that the defendants failed to protect him from being assaulted by another inmate. In November 2008, when plaintiff was assaulted, the law was clearly established that the Eighth Amendment requires prison officials to protect inmates from assault by other inmates. Spruce v. Sargent, 149 F.3d 783, 785 (8th

2

Cir. 1998) ("Because '[b]eing violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society," ' prison officials have a duty to protect inmates from violence at the hands of other inmates.") [quoting Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). What remains at issue is whether plaintiff has sufficiently alleged a failure to protect claim in his complaint. To assert such a claim, the plaintiff must allege (1) an objectively, sufficiently serious deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. Schoelch v. Mitchell, 625 F.3d 1041, 1046 (8th Cir.2010); Spruce, 149 F.3d at 785.

In the complaint, plaintiff alleges that he told the defendants that Mosley was stalking him and threatening him with sexual assault. Plaintiff further alleges that despite their knowledge of the risk of harm, the defendants "let[] Defendant Mosley into Plaintiff's cell wherein Defendant Mosley forcibly assaulted and sodomized Plaintiff." [Doc. #1 at p. 8] Plaintiff further alleges that Mosley was not assigned to the area where plaintiff's cell was located, and after the assault the defendants "let Defendant Mosley out of Plaintiff's cell, to go to Defendant Mosley's assigned wing and cell." [Doc. #1 at p. 9] An assault by a fellow inmate constitutes "serious harm." Jensen v. Clarke, 94 F.3d. 1191,1198 (8th Cir. 1996). Further, the facts alleged by plaintiff give rise to a reasonable inference that the defendants placed plaintiff at risk of substantial harm and that they acted with deliberate indifference. King v. Barton, 455 Fed. Appx. 709, 711 (8th Cir. 2012)( holding a plaintiff only needs to allege that the defendant was forewarned of an attack to survive a motion to dismiss on the deliberate indifference requirement.). The Court concludes that the defendants are not entitled to qualified immunity.

In the alternative, defendants request that plaintiff's claim for injunctive relief be dismissed. The Court agrees that injunctive relief is not available in this matter. Injunctive relief is unavailable absent a showing of irreparable injury. Martin v. Sargent, 780 F.2d. 1334, 1337 (8th Cir. 1985). Irreparable harm cannot be shown when there is no real or immediate threat that the plaintiff will be wronged again. Id. "Consequently, a prisoner's claim for injunctive relief is moot if he or she is no longer subject to those conditions." Id. Plaintiff is no longer imprisoned at FCC where the assault occurred, and there is no allegation that plaintiff is at risk of harm in his present place of incarceration. Thus, his request for injunctive is moot.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendants James Reed, Michael White, Dennis Mayberry, Larry Barron and Jeffrey Young to dismiss [#17] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2012.