UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1606(CEJ) |
| ) | |
| CHARLES MOSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants James Reed, Michael White, Dennis Mayberry, Larry Barron and Jeffrey Young for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion, and the issues are fully briefed.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for an alleged constitutional violation that occurred while he was incarcerated at the Farmington Correctional Center (FCC). Plaintiff alleges that on November 14, 2008, he was assaulted by another FCC inmate, defendant Charles Mosley. Plaintiff alleges that defendant FCC officials Reed, White, Mayberry, and Bayyon failed to protect him from the assault. Plaintiff claims that the defendants allowed Mosley into his cell after they had been informed that Mosley "was stalking and threatening [him] with sexual assault." The defendants assert that they are entitled to judgment as a matter of law, because plaintiff failed to exhaust administrative remedies prior to initiating this action.

I. **Legal Standard**.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

II. **Discussion**

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies before bringing an action challenging prison conditions under § 1983. 42 U.S.C. § 1997e(a). If a prisoner fails to exhaust

2

administrative remedies with respect to a claim, then the PLRA mandates that the claim be dismissed. Jones v. Bock, 549 U.S. 199, 221 (2007). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 218. An inmate may be excused from exhausting administrative remedies when prison officials prevent him from using the administrative process. See Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)("a remedy that prison officials prevent a prisoner from 'utiliz[ing] is not am 'available' remedy under § 1997e(a)"); Kaba v. Stepp, 458 F. 3d 678, 674 (7th Cir. 2006) . The PLRA's administrative exhaustion requirement is an affirmative defense that the defendant has the burden to plead and prove. Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005).

To initiate the grievance process under Missouri prison regulations, an inmate must file (1) an informal resolution request ("IRR"); (2) a grievance; and (3) a grievance appeal. See Foulk v. Charrier, 262 F.3d 687, 694 (8th Cir. 2001); Dashley v. Correctional Medical Services, 345 F.Supp.2d 1018, 1022-23 (E.D. Mo. 2004). The IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt," and should be filed within 15 days of the alleged incident. Missouri Department of Corrections Offender Grievance Procedure, pp. 2,8, D5-3.2, No. III(M)(11) (Jan. 2, 2009). Each IRR is "limited to one grievable issue and should not be expanded to include other issues at any stage of the review process." Id. at 5. In the IRR, the inmate should provide "whatever material/information is available to her/him." Id. at 8. If an inmate is not satisfied with the IRR response, he may file an Offender

Grievance, which must be filed within seven calendar days after receiving the response on the IRR form. Id. at 13. If an inmate is not satisfied with the grievance response, he may file an offender grievance appeal, which must be filed within seven calendar days of the grievance response. Failure to do so will result in the appeal being abandoned. Id. at 15. After receiving the appeal response, the inmate is deem to have exhausted the grievance process. Id. at 16.

Defendants state that plaintiff did not file an IRR form before initiating this action. In his verified complaint, plaintiff alleges that he asked defendant Young to send him an IRR form, but his request was refused. Because he could not obtain a form for pursuing his grievance, plaintiff alleges that he "hand wrote one and turned it into Defendant Young on or about November 26, 2008." [Doc. # 1 at p. 2]. In support of his sworn statement, plaintiff submits a handwritten document dated November 26, 2008 that is addressed to defendant Young. In the document plaintiff states:

> I [saw] you [last] week and asked for an I.R.R. to [file] on a rape that happen to me by Charles Mosley. You said that you would send me one. You have not send the I.R.R to me.

The document bears a handwritten response that reads:

> Mr. Franklin,
>
> As you have been told--you cannot file an IRR. The assault issue is under criminal investigation--so stop writing others about it or you will receive a conduct violation. (emphasis in original)

Defendants deny that Young received or responded to the document.

The Court finds that plaintiff has submitted sufficient evidence to support an inference that the defendants prevented him from utilizing the prison's grievance process by failing to provide him with IRR forms. Based on the evidence submitted by

4

the parties, the Court finds that there is a genuine issue of material fact as to whether plaintiff was prevented from pursuing the inmate grievance procedure and, therefore, should be deemed to have satisfied the PLRA's exhaustion requirement. See Miller v. Norris, 247 F.3d. 736, 740 (8th Cir. 2001). Therefore, the defendants are not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants James Reed, Michael White, Dennis Mayberry, Larry Barron and Jeffrey Young for summary judgment [#19] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2012.