UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1606 (CEJ) |
| ) | |
| JAMES O. REED, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Jeffrey Young for summary judgment. Plaintiff responded in opposition to the motion for summary judgment, and the issues are fully briefed. For the reasons discussed below, the motion will be denied.

I. Background

Plaintiff initiated this lawsuit *pro se*, pursuant to 42 U.S.C. § 1983. In the original complaint, plaintiff alleged that defendant Young, a corrections officer, and other state officials failed to protect him from sexual assaults by inmates while plaintiff was confined in the Farmington Correctional Center. Among other things, plaintiff alleges that Young and the others knew of a safety threat posed by an inmate named Charles Mosley, yet they allowed Mosley to enter plaintiff's cell and sexually assault plaintiff. In the caption of the complaint, plaintiff wrote that all of the defendants were being sued in their individual capacity.

On November 29, 2011, counsel was appointed to represent plaintiff. On January 20, 2012, defendant filed a motion to dismiss the *pro se* complaint, asserting qualified immunity and failure to state a claim. Plaintiff's counsel did not file a response to the motion. On January 24, 2012, defendant filed a motion for summary

judgment, asserting failure to exhaust administrative remedies. Plaintiff's counsel did respond to the summary judgment motion. Both motions were denied; however, the Court ruled that the plaintiff's request for injunctive relief was moot.

On October 9, 2012, plaintiff's counsel filed an amended complaint. The amended complaint does not state that the defendants were being sued in their individual capacity.

On March 5, 2013, plaintiff's counsel moved for the dismissal without prejudice of all defendants except Young, pursuant to Fed. R. Civ. P. 41(a)(2). In support of the motion, counsel wrote, "Following Discovery, and in the interest of judicial economy, there are several Defendants against whom Plaintiff does not believe he can make a submissible case." [Doc. # 49]. The motion was granted.

On March 12, 2013, plaintiff's counsel moved to modify the case management order to extend the deadlines for discovery and filing dispositive motions. [Doc. #45]. Although more than a year had elapsed since being appointed, plaintiff's counsel had not yet deposed defendant Young. The Court denied the motion, because the requested extension would not allow adequate time for review of dispositive motions prior to trial and because plaintiff's counsel did not explain why the time originally allotted for discovery was insufficient. [Doc. #46].

II. Discussion

A. Summary judgment motion

The present motion for summary judgment was filed on April 16, 2013. As discussed above, the original *pro se* complaint specified that Young was being sued in his individual capacity. The amended complaint supersedes the original complaint and makes no mention of capacity. In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) The linchpin of the summary judgment motion is that, because of the

omission of capacity, the amended complaint must be interpreted as an action against the defendant in his official capacity. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity."). The defendant correctly argues that because of the Eleventh Amendment, plaintiff cannot recover money damages against a state official acting in his official capacity.  See Hafer v. Melo, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit [under §1983] because they assume the identity of the government that employs them."); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71; 67-68 (1989) (a claim for damages against a state officer in his official capacity is "no different from a suit against the State itself," and is precluded by the doctrine of sovereign immunity).

Plaintiff's counsel has responded to the motion for summary judgment. However, the response does not address the official capacity/Eleventh Amendment issue,  and there has been no request for leave to cure this pleading deficiency.

The *pro se* complaint makes it clear that plaintiff intended to sue the defendant in his individual capacity.  Thus, the  Eleventh Amendment issue would not have arisen but for the failure of plaintiff's counsel to specify the defendant's capacity in the amended complaint.  The Court made the decision to appoint counsel for the plaintiff because it believed that doing so was in the interest of justice.  Now the Court believes it would not be in the interest of justice to deny plaintiff the opportunity to pursue his case simply because of the error of appointed counsel.  Therefore, instead of

dismissing this case, the Court will give plaintiff the opportunity to amend the complaint for the sole purpose of specifying the capacity in which the defendant is being sued. The Court believes that defendant will not be prejudiced, as plaintiff's intention to sue the defendant in his individual capacity was evident at the inception of this case.

### B. Appointment of new counsel

As noted above, plaintiff's counsel failed to respond to a motion to dismiss and failed to address the critical issue of Eleventh Amendment immunity in response to the summary judgment motion. Additionally, plaintiff's counsel did not take the deposition of defendant Young, whose alleged conduct figures prominently in the case.[1] These matters have caused the Court to question whether plaintiff's counsel are committed to fulfilling the obligation they undertook when they accepted the appointment.

To resolve this doubt, new counsel will be appointed to represent the plaintiff in this case. In addition to filing an amended complaint, new counsel may request additional time to complete discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #47] is **denied** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 1, 2013** to file an amended complaint that specifies the capacity in which the defendant is being sued.

---

[1] Attached to the response to the summary judgment motion are documents which purport to show that plaintiff told Young of his fear of sexual assault by Mosley but Young took no action.

**IT IS FURTHER ORDERED** that **Felicia R. Williams, Thompson Coburn, LLP, One US Bank Plaza, St. Louis, Missouri 63101-1693, (314) 552-6000**, is appointed to represent plaintiff in this matter.

**IT IS FURTHER ORDERED** that the appointment of Malaine P. Hagemeier and McIlroy and Millan is terminated.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2013.