UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1606 (CEJ) |
| ) | |
| JEFFREY YOUNG, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

At all times relevant to the complaint, plaintiff Christopher Franklin was incarcerated at Farmington Correctional Center (FCC) in Farmington, Missouri, and defendant Jeffrey Young was an Assistant Caseworker at FCC. In November 2008, plaintiff was assaulted and forcibly sodomized by another inmate, Charles Mosley. He brings this action against defendant under 42 U.S.C. § 1983, alleging that defendant violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect him from the assault.

The FCC housing units are divided into two sides: an A-side, comprised of housing units numbered 1 through 5, and a B-side, with housing units 6 through 10. The two sides are separated by a metal fence, which inmates cannot cross. When plaintiff arrived at FCC in 2006 he was assigned to a cell on the A-side. He was immediately approached by inmates demanding sexual favors. He was assaulted and

forcibly sodomized on a regular basis by his cellmate, Leo Kent. See Pl. Dep. [Doc. #48-2 at 56-58]. Plaintiff did not report these assaults. Id. at 33; 59.

In September 2008, plaintiff was moved into administrative segregation in Housing Unit 5 on the A-side. See Pl. Dep. [Doc. #73-1 at 17]. On October 1, 2008, defendant was assigned to that unit as an Assistant Caseworker. Plaintiff alleges that he informed defendant orally and in writing that inmates --- including one named Mosley --- were stalking him and threatening him with sexual assault. He requested to be moved from the A-side to the B-side, where he believed he could avoid assault. Defendant has no recollection of any conversations with plaintiff, but testified that he would have remembered had an inmate expressed a concern about sexual assault. Def. Dep. [Doc. #73-1 at 43; Doc. #73-2 at 48].

On October 27, 2008, plaintiff was released from administrative segregation, and was assigned a bed in Housing Unit 6 on the B-side --- the same housing unit where Charles Mosley resided. Mosley approached plaintiff several times and asked for sexual favors, and plaintiff refused. Plaintiff did not alert the prison guards of these advances. On November 14, 2008, Mosley entered plaintiff's cell, assaulted, and forcibly sodomized him. See Pl. Dep. [Doc. # 48-3 at 78-87]. Plaintiff told prison authorities about the attack, and he and Mosley were immediately separated and a formal investigation began. Id. at 95; 96.

II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in

the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

The Constitution does not permit inhumane prisons, and it is well-settled that the conditions under which prisoners are confined are subject to Eighth Amendment scrutiny. Farmer v. Brennan, 511 U.S. 825, 832 (1994). These conditions include the protection inmates receive against other inmates. Id. at 833. Prison officials have a duty to protect prisoners from violence at the hands of their fellows. "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Id. On the other hand, prisons are inherently dangerous, and not every injury "suffered by one prisoner at the hands of another … translates

into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

To succeed on his Eighth Amendment failure-to-protect claim, plaintiff must show: (1) that his incarceration in housing unit 6 posed a substantial risk of serious harm, and (2) defendant knew of and disregarded that risk. Farmer, 511 U.S. at 834; see also Young v. Selk, 508 F.3d 868, 872 (8th Cir. 2007). The second prong of this test requires a "subjective showing" that defendant had "a sufficiently culpable state of mind." Blackmon v. Lombardi, 527 Fed. Appx. 583, 585 (8th Cir. 2013). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003). The defendant may not be held liable if he was merely negligent. Pagels, 335 F.3d at 740.

1. **Objective Substantial Risk of Harm**

"Rape or sexual assault at the hands of other prisoners is, of course, sufficiently serious to amount to a deprivation of constitutional dimension." Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998) (quotations and citations omitted). Plaintiff has produced sufficient evidence to create a genuine dispute of material fact regarding whether his housing assignment posed an objective risk of harm. Plaintiff was a victim of previous sexual assaults, and had been approached by multiple inmates for sexual favors. He was targeted by sexual predators immediately upon his arrival at FCC due to his youth. Objectively, plaintiff's housing assignment among the general prison population, in a housing unit in which an inmate known among prisoners as a "booty

bandit" (*i.e.,* an older inmate who habitually pursues younger inmates for non-consensual sexual activity) placed plaintiff at substantial risk of serious harm.

2. **Subjective Knowledge**

Genuine issues of material fact also exist regarding defendant's knowledge of the risk faced by plaintiff. Plaintiff testified that he told defendant that inmates on the A-side were harassing and pressuring him, and requested a general population bed on the B-side. Pl. Dep. I [Doc. #48-2, p. 30-33]; Pl. Dep. II [Doc. #73-1, p. 45]. Plaintiff also testified that, in addition to in-person conversations, he sent "kites" (*i.e.,* messages) to defendant, asking to be assigned to the B-side, and explaining that he wanted to move to avoid contact with the "booty bandits." Plaintiff produced the kites that he alleges he sent to defendant stating that he was "being followed" by "booty bandits" who wanted him to "tie down with them," Pl. Ex. 2 [Doc. #50-2], and stating that he could not take the "booty bandits" any longer. Pl. Ex. 3 [Doc. #50-3]. In a kite from September 2008, plaintiff named all of the "booty bandits" he knew, including his former cell-mate Kent and Mosley. Id. The kites contain responses from defendant, stating that he could do nothing to help. Defendant argues that these kites are forgeries, and are so "blatantly unreliable" that they should not be considered for the purposes of this motion for summary judgment. However, the credibility and reliability of evidence are issues for the jury to determine.

Defendant denies that plaintiff expressed any concerns about sexual assault. He argues that plaintiff could not have voiced concerns about Mosley in October 2008, when defendant was plaintiff's caseworker, because plaintiff admits he did not know Mosley at that time. While plaintiff gave conflicting testimony regarding the date he first learned Mosley's name, became aware of Mosley's reputation as a "booty bandit,"

and was first approached by Mosley for sexual favors, "[a]mbiguities and even conflicts in a deponents testimony are generally matters for the jury to sort out...." Gaston v. The Restaurant Co., 260 F.Supp.2d 742, 755 (N.D. Iowa 2003). Plaintiff testified that he knew of Mosley's reputation and apprised defendant of his fears. Defendant testified that he did not. This is a dispute of fact to be resolved by the jury.

Defendant focuses his argument on the ways in which plaintiff could have prevented the assault. Defendant points out that plaintiff could have listed Mosley on his "enemy list," or told the guards in Housing Unit 6 when Mosley began harassing him. The fact that plaintiff did not exhaust every available self-help option prior to the assault does not conclusively establish that he was not at risk or that defendant did not know about it. The Court concludes that plaintiff has produced sufficient evidence to support a finding that defendant knew of the risk plaintiff faced and failed to protect plaintiff.

### 3. Qualified Immunity

Defendant also argues that he is entitled to qualified immunity. "Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (citing Saucier v. Katz, 533 U.S. 194, 206 (2001)). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

Courts employ a two-part inquiry to determine whether an official is protected by qualified immunity. First, the Court must decide "whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right." Brown v. City of

Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Second, the Court must determine "whether that right was clearly established at the time of the defendant's alleged misconduct."  Id.  To be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent."  Id. (internal citation omitted).  If the Court finds that the right was not clearly established at the time of the incident, then the official is entitled to qualified immunity.

As discussed above, factual disputes prevent the Court from determining whether defendant violated plaintiff's right under the Eighth Amendment.  However, the facts as shown by plaintiff do make out a violation of plaintiff's right to be free from cruel and unusual punishment.  Moreover, it was clearly established long before 2008 when plaintiff was assaulted, that the Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The two-pronged test for failure-to-protect claims was explained by the United States Supreme Court in Farmer.  Viewing the evidence in the light most favorable to the plaintiff, defendant knew of a substantial risk faced by plaintiff and disregarded that risk.  Defendant had fair warning that such conduct violated the Eighth Amendment and, therefore, he is not entitled to qualified immunity.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #74] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2014.